IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


QUINCEY GERALD KEELER,

        Plaintiff,


        vs.                    Case No. 10-1129-JTM


ARAMARK, et al.,

        Defendants.




MEMORANDUM AND ORDER


      This matter is before the court following the Report and Recommendations submitted by the United States Magistrate Judge (Dkt. 4), which recommended the denial of plaintiff Quincey Gerald Keeler's Motion for Leave to Proceed In Forma Pauperis (Dkt. 3). The Report concluded that Keeler had the financial resources to pay the court's filing fee. (Dkt. 4, at 3). After the Report was filed, Keeler filed an Objection, stating that he had forgotten to list his monthly rent, and stating that the rent "is the same , as in the other past cases" where he has received in forma pauperis status. (Dkt. 5 at 1). He also separately filed a Motion for Review of the Magistrate Judge's findings.

      Independently, defendant Aramark, plaintiff's employer, moved for an injunction to limit further filings by Keeler. Aramark pointed out that Keeler has advanced four separate pro se

lawsuits, all advancing "frivolous, duplicative, and largely unintelligible claims and motions." (Dkt. 9, at 2).

In Case Number 08-1168, filed June 2, 2008, Keeler brought claims under the Family and Medical Leave Act (FMLA), retaliation, and hostile work environment against Aramark, some of its employees and its Chief Executive Officer, Joseph Neubauer, along with Wesley Medical Center and various law firms and individual attorneys representing Aramark. On June 26, 2008, Keeler filed Case No. 08-1187, advancing similar claims against Aramark and Larry Gengler. These cases were consolidated into Case No. 08-1168 on March 2, 2009.

On November 13, 2009, Keeler filed a third action against Aramark, alleging retaliation and "breach of contract in retaliation" claims. (Def. Exh. 4). The present action was filed on April 26, 2010, again alleging similar hostile work environment and retaliation claims, but adding additional claims such as "tort of intentional [sic] and conspiracy to harm employment," (Exhibit 6 at 16), and claims for breach of privacy and abuse of process claims related to subpoenas in Mr. Keeler's other cases before this Court.

In response to the motion for injunction, Keeler filed a short memorandum (Dkt. 13, at ¶ 2) which alleges, in entirely conclusory fashion, that Aramark's motion is unlawful retaliation in violation of various federal statutes ("SO DEFENDANTS MOTION IS A VIOLATION OF LAW"). He also stresses that he has been granted in forma pauperis status in the other actions (Case No's 08-1168, 08-1187, 09-1356) which he has advanced against Aramark, and that the "COURT FOUND THAT PLAINTIFF'S FILINGS WAS GOOD ENOUGH TO PASS JUDICAL REVIEW. SO DEFENDANTS MOTION ABOVE, IN PART IS MOOT." (Id. at ¶ 3).

In fact, it appears that in none of the other cases advanced by Keeler has the court been presented with the opportunity to review each of the individual actions for potentially duplicative or abusive claims. Keeler supplies no evidence that Aramark's motion is motivated by any improper motive, and he fails to rebut the Aramark's persuasive demonstration that Keeler's claims in the various lawsuits are indeed repetitive. He further fails to dispute Aramark's presentation of correspondence sent by Keeler stating that "I WILL SOON IN FUTURE FILE ANOTHER LAWSUIT" in response to a subpoena issued by Aramark, including the threat to bring "INDIVIDUAL SUITS ON COUNSEL AND FIRMS. CAUSE I TAKE THIS SERIOUS, YOU DO NOT, HAVE RIGHT TO BULLY ME AND GO THROUGH MY PRIVATE RECORDS. SPECIALLY PAYROLL (COME ON)." (Def. Exh. 6).

In extreme cases, the court may exercise broad powers to restrain abusive litigants. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.1981). These powers include the ability to restrict future filings. *Charlotte v. Nelson*, No. 06-1580, 2007 WL 2320546, at *9 (D. Colo. Aug. 10, 2007).

> Some of the factors relevant in determining whether a litigant's future access to the courts should be restricted include: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, No. 91-3011, 1991 WL 94457 at *6 (10th Cir. June 3, 1001).The exercise of this power is limited to well-documented and extreme cases, and may be exercised where a litigant's history show repetitive, malicious, frivolous or otherwise generally abusive filings. *Tripati*,

878 F.2d at 353. The volume of litigation is less relevant than the nature of the filings. "Litigiousness alone will not support an injunction restricting filing activities." *Tripati*, 878 F.2d at 353.

Plaintiff Keeler has failed to offer any rationale for filing four separate actions raising substantially similar claims. Having reviewed the record in all four cases presented by Keeler, the court finds that the plaintiff's filings are both unnecessarily repetitive, abusive and vexatious as well. That is, he has explicitly threatened additional litigation against an opposing party and its counsel for the mere act of engaging in ordinary civil discovery procedures. Restrictions are appropriate, but the court will impose the least onerous possible.

Accordingly, the court grants defendant's Motion for Injunctive Relief. (Dkt. 8). The court further denies Keeler's Objections (Dkt. 5) and Motion for Review (Dkt. 6) of the Magistrate's Report and Recommendations. Finding that the multiplication of claims is vexatious and wholly without merit, the court further denies Keeler's Motion for Leave to Proceed In Forma Pauperis. (Dkt. 3). In addition, the plaintiff is hereby enjoined from filing any additional Complaints in this court with allegations which are similar to his other pending cases. Any proposed additional Complaints must be submitted to the court for review to determine that the claims involved are not substantially similar to existing litigation.

IT IS SO ORDERED this 3rd day of September, 2010.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE