IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


QUINCEY GERALD KEELER,

        Plaintiff,

        vs.                              Case No. 10-1129-JTM
                                            Case No. 10-1358-JTM

ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,

        Defendant.


MEMORANDUM AND ORDER

Plaintiff Quincey Keeler is a food service worker employed by Aramark Industries at Wesley Medical Center in Wichita, Kansas. Keeler has recently commenced five separate actions against Aramark or HCA Wesley. Three actions are before Judge Belot. Case Number 08-1187-MLB was consolidated with Case No. 08-1168 on March 2, 2009. (Dkt. 25). That matter is currently before the court on Keeler's Motion for Default Judgment (Dkt. 148), and Aramark's Motion for Summary Judgment. (Dkt. 118). In a third action, Case Number 09-1356-MLB, in which Keeler advanced claims against both Aramark and HCA Wesley, the court granted summary judgment in favor of HCA Wesley on August 12, 2010 (Dkt. 40), and that decision is currently on appeal (Dkt. 42).

In addition, Keeler has presented two separate cases. In Case No. 10-1358, filed October 18, 2010, he complains that Aramark has twice cited him for arriving late for work and once for eating potato chips from the cafeteria serving line. In Case No. 10-1129, filed April 26, 2010, Keeler

complained that he was either not assigned to cashier duties, or cited for a cash shortage when he did work as a cashier. Keeler's subsequent complaints specifically allege that these acts are in retaliation for the claims in the cases before Judge Belot. (Case No. 10-1358, Dkt. 1, at 5-7; No. 10-1129, Dkt. 1, at 7-26). In particular, in Case No. 10-1129, he complains that Aramark, in connection with one of the cases before Judge Belot, Case No. 08-1168-MLB, issued subpoenas as to his employment records, and that this "goes beyond decent" and is "outrageous." (Dkt. 1, at 19). On December 16, 2010, Case No. 10-1358, originally assigned to Judge Melgren, was transferred to the undersigned.

These matters are now before the court on six motions. In Case No. 10-1129, Keeler seeks reconsideration of the court's Order of September 3, 2010, finding that his additional actions were vexatious and that he was accordingly enjoined from bringing any additional actions without leave of the court. (Dkt. 19). In Case No. 10-1358, Keeler has moved to consolidate the action with Case No-10-1129, and has moved for leave to proceed *in forma pauperis*. In addition, there are three motions for injunctive relief.

The plaintiff's Motion to Consolidate is uncontested by the defendant, and the motion is accordingly granted. Case No. 10-1129 is the lead case; case no. 10-1358 is the member case. The cases are consolidated for all purposes.

In its motion for injunction, Aramark seeks relief generally similar to the Order entered by the undersigned in Case No. 10-1129 on September 3, 2010. Keeler, in his Response to Aramark's motion, presented no direct argument other than to stress that he had previously been issued a Right to Sue Letter by the EEOC. (Dkt. 11, at 1). Independently, however, Keeler has filed two separate motions for injunctive relief.

2

In the first motion, he argues that the court should not adopt the September 3 order, again on the grounds that the EEOC has issued a Right to Sue Letter, (Dkt. 10, at 5). Otherwise, he complains that Aramark refused his offers to take polygraph examinations. He contends that he nevertheless **"did polygraph** the issues ... **AND PASSED**." (Dkt. 10, at 8, ¶ 9) (emphasis by Keeler). Keeler includes a copy of an invoice for a polygraph examination which was apparently conducted March 13, 2010. More generally, noting Aramark's request that he be enjoined from filing additional separate actions, Keeler states that "if defendants do not want another lawsuit ... they need to take action at work." (Id. at 2). Keeler argues that he has been subjected to ongoing harassment at work, but provides no specific examples beyond those already presented in his numerous lawsuits. He asks for a temporary injunction pending a future, permanent injunction.

In his subsequent motion, Keeler states that he has been placed on paid leave, and Aramark will not return his calls. He complains that neither HCA Wesley nor Aramark "is tring [sic] to help plaintiff." (Dkt. 18, at 2). Keeler repeats his request for injunctive relief, again stating that he has successfully completed a polygraph examination. In general, Keeler complains of his shift assignments, and further notes events such as an instance in which a hospital employee used profanity when Keeler coughed on him, and another instance in which Keeler's social security number was (briefly) listed on an electronic court filing in unredacted form.

The court finds that Keeler's requests for injunctive relief should be denied. The cited polygraph evidence is inadmissible as evidence. The evidence takes the form of simple invoices from a polygraph examiner who notes, in passing, that he believes Keeler is truthful. There is no explanation of specific queries and responses from the examination. There is no indication that the examiner is certified by any professional organization. More importantly, Keeler supplies no expert

evidence that such polygraph evidence is generally reliable as defined in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). *See United States v. Call*, 129 F.3d 1402 (10th Cir. 1997) (holding that polygraph examination might potentially be admissible if shown to be reliable under *Daubert*). *See also Palmer v. City of Monticello*, 31 F.3d 1499, 1506 (10th Cir. 1994) (holding that "[a] trial court will rarely abuse its discretion by refusing to admit [polygraph] evidence").[1]

Accordingly, the only basis for Keeler's requested relief are his own uncorroborated assertions of continuing harassment. These are allegations which the defendant Aramark actively contests. Further, the court has reviewed the various allegations advanced by Keeler, and finds that none present any potential for irreparable injury. Accordingly, Keeler has failed to demonstrate two essential requirements for injunctive relief — either by showing that he will likely succeed on the merits, and that he will suffer irreparable injury in the absence of an injunction. *See, e.g., Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (stating requirements for injunction).

With respect to the Motion for Reconsideration in Case No. 10-1129, Keller asks that the "charges of the EEOC at least should proceed." Keller states that he "will respect the courts order ... on future filings," but asks the court "to pose injunctions on Aramark as well." In this vein, he asks that Aramark be ordered to "INVESTIGATE [his complaints, and] CHECK UP ON PLAINTIFF, ONCE QUARTERLY AT LEAST TO MAKE SURE ISSUES ARE OKAY. (Dkt. 19, at 1).

---

[1] Further, even if Keeler had presented expert evidence that polygraph examinations were scientifically reliable under Fed.R.Evid. 702, the evidence would still be inadmissible as prejudicial under Rule 403, given the fact that the examinations were conducted with no defendant representative present and in light of the utterly conclusory nature of the opinions offered. *See United States v. Walters*, 28 Fed.Appx. 902, 911 (10th Cir. 2001) (noting that polygraph evidence must be both reliable under Rule 702 *and* not unfairly prejudicial under Rule 403).

Keller does not elaborate any further by showing any new evidence not previously obtainable or any manifest errors of law in the court's prior order. A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). Since Keller has satisfied none of the requirements for reconsideration, the plaintiff's motion will be denied, and the Order entered September 3, 2010, will remain in effect.

In addition, the court finds no rationale why that Order should not apply equally to Case No 10-1358. As noted earlier, Keeler has offered no reason for the court to decline to apply to Case No. 10-1358 the conclusions and relief rendered in the September 3, 2010 Order in Case No. 10-1129. The mere fact that the EEOC has issued a Right to Sue Letter does not immunize Keeler from the court's independent review of his various complaints, and its conclusion that Keeler has deliberately multiplied the number of lawsuits in a vexatious and retaliatory manner. As the court noted in its earlier Order, Keeler commenced the 10-1129 action in retaliation for Aramark's "retaliatory" activity of engaging in typical civil discovery practice in connection with one of his earlier lawsuits,

and that he coupled this action with taunts that he would commence future lawsuits if confronted with future discovery requests. *See* Order, at 2-4.

That threat of bringing future lawsuits is replicated in Case No. 10-1358 as well, with Keeler intimating in his Motion for Temporary Injunction that Aramark must comply with his requests "if defendants do not want another lawsuit."

Accordingly, as to both Case No. 10-1129, and 10-1358, the court finds that these actions were brought vexatiously, and hereby finds that plaintiff may not proceed in forma pauperis. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir.2007) ("[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances"). Further, as to both cases,

> the plaintiff is hereby enjoined from filing any additional Complaints in this court with allegations which are similar to his other pending cases. Any proposed additional Complaints must be submitted to the court for review to determine that the claims involved are not substantially similar to existing litigation.

(Case No. 10-1129-JTM, Dkt. 16, at 4). Finally, given that plaintiff may not proceed *in forma pauperis*, the court finds that the cases shall be dismissed unless the plaintiff files the appropriate filing fee for each respective case within twenty days of the present Order.

IT IS SO ORDERED this 24th day of February, 2011.

                                                 s/ J. Thomas Marten
                                                 J. THOMAS MARTEN, JUDGE